# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv007

| | | |
|---|---|---|
| PAUL GERBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| UNITED STATES FEDERAL SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court upon a complaint [Doc. 1] ("Complaint") filed by Plaintiff, as well as an Application to Proceed *In Forma Pauperis* [Doc. 2] ("IFP Application"). For the reasons explained below, the Court will dismiss Plaintiff's Complaint without prejudice because Plaintiff has failed to first exhaust his administrative remedies.

It is incumbent upon this Court to *sua sponte* address the question of whether it has subject matter jurisdiction to decide a case where the facts give rise to such question, even if no party has raised the issue. Here, Plaintiff has named the "United States Federal Social Security Administration" as the only named Defendant. Plaintiff's claim against Defendant is based on the sole allegation that his Social Security retirement benefits check was supposed to

be deposited into his Bank of America checking account on October 3, 2011, that the check was not deposited until nine days later on October 12, 2011, and that an employee with the Social Security Administration told Plaintiff that the check was mistakenly deposited into someone else's bank account in Ohio, Georgia. Based on the foregoing, Plaintiff alleges that he is bringing a claim under the "Federal Tort Claims Act, for negligence and tortious conduct," and Plaintiff seeks $75,000 in damages "so I can at least gain back some of my dignity the defendant took from me, and the incredible emotional damage they caused, that my words today, barely did justice to." (Compl. pp. 1, 4).

Two elements are required to establish federal jurisdiction to review actions of the Commissioner of Social Security with regard to social security benefits: (1) a plaintiff must exhaust his administrative remedies, and (2) the Commissioner must issue a final decision. See Pohlmeyer v. Secretary of Health & Human Servs., 939 F.2d 318, 320 (6th Cir. 1991) (citing Mathews v. Eldridge, 424 U.S. 319, 327–29 (1976)). Before plaintiff may obtain judicial review of a claim for benefits, he must exhaust the four-step administrative process in the Social Security Administration: (1) initial determination; (2) reconsideration; (3) a hearing before an administrative law judge; and, (4) Appeals Council review. See 20 C.F.R. §§ 404.900(a) (1)-(4);

416.1400(a)(1)-(4).  When a claimant has completed these four steps, the agency "will have made [its] final decision" and the claimant "may request judicial review by filing an action in a Federal district court."  See §§ 404.900(a)(5); 416.1400(a)(5).

Here, Plaintiff has not alleged that he first exhausted his administrative remedies by seeking an initial review with the Social Security Administration on his claim for negligence and tortious conduct based on the late payment of his retirement benefits.  He has neither shown that he has sought administrative review nor has he presented to this Court an administrative determination that it can review.  Accordingly, the court will dismiss this action.  Such dismissal, however, will be without prejudice so that Plaintiff may pursue such administrative remedies as may be available.

**IT IS THEREFORE ORDERED** that:

1. This action is **DISMISSED** without prejudice;
2. The Clerk of Court is **DIRECTED to CLOSE** the case and send a copy of this Order to Plaintiff at his address of record.

**IT IS SO ORDERED**.

Signed: January 25, 2012

Martin Reidinger
United States District Judge